UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

WESLEY J. CRAWFORD,

    Petitioner,

v.

SCOTT P. FISHER, Warden,

    Respondent.

Civil No. 12-3071 (MJD/JJG)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. (Docket No. 1.) The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

### I. BACKGROUND

In 2002, Petitioner was convicted in the United States District Court for the Western District of Texas for aiding and abetting possession with intent to distribute

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); <u>Mickelson v. United States</u>, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; <u>Bostic v. Carlson</u>, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); <u>Rothstein v. Pavlick</u>, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

50 grams or more of cocaine base. He was sentenced to twenty years in federal prison, and he is currently serving his sentence at the Federal Correctional Institution in Sandstone, Minnesota.

During the past ten years, Petitioner's conviction and sentence have been reviewed and upheld on numerous occasions, in both the trial court and the Fifth Circuit Court of Appeals.[2] Petitioner has also attempted to challenge the legality of his conviction and/or sentence in at least <u>four</u> previous § 2241 habeas corpus actions – one brought in the Western District of Texas, (Crawford v. Maye, No. A-09-CA-470 SS, (W.D.Tex. 2009), 2009 WL 1940134), and three others that have been filed in this District during the past two years, (Crawford v. Fisher, Civil No. 10-4768 (MJD/JJG); Crawford v. Fisher, Civil No. 12-447 (MJD/JJG); Crawford v. Fisher, Civil No. 12-799 (MJD/JJG)).

All of Petitioner's previous § 2241 petitions were summarily rejected, because a federal prisoner normally cannot challenge the legality of his underlying conviction or sentence in a § 2241 habeas corpus proceeding. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003).

Even though Petitioner has repeatedly been informed that he cannot challenge his conviction or sentence in a § 2241 habeas corpus proceeding, he is now trying once again to do just that. He presently claims that his 2002 Texas criminal conviction should be vacated based on the Supreme Court's decision in Yeager v. United States, 557 U.S.

---

[2] Some of Petitioner's post-judgment litigation activity is summarized in this Court's Report and Recommendation dated March 5, 2012, in Crawford v. Fisher, Civil No. 12-447 (MJD/JJG), (reported at 2012 WL 1658536).

110 (2009). However, the Court finds, once again, that Petitioner cannot challenge the legality of his conviction in a habeas corpus petition brought under § 2241.

## II. DISCUSSION

### A. Challenges To Conviction Must Be Raised In A § 2255 Motion

As noted above, a federal prisoner normally can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005). Subsection 2255(e) provides that –

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. Hill, supra. A federal court lacks jurisdiction to hear a prisoner's collateral challenge to his original conviction or sentence under 28 U.S.C. § 2241, unless the prisoner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255. See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition

3

from being dismissed under the § 2255 exclusive remedy rule.[3]

In this case, Petitioner is directly challenging the validity of his 2002 drug offense conviction and sentence in the Western District of Texas. (See Petition, p. 1.) As previously mentioned, Petitioner is seeking to have his conviction vacated based on the Supreme Court's decision in Yeager, supra. Because Petitioner is challenging the validity of his conviction, his current habeas corpus petition is barred by § 2255's exclusive remedy rule, unless the savings clause applies here. However, the Court finds that the savings clause is not applicable here.

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998). Section 2255 is not inadequate or ineffective, thereby allowing a prisoner to challenge his conviction or sentence in a § 2241 habeas corpus petition, "where a petitioner had any opportunity to present his claim beforehand." Abdullah, 392 F.3d at 963. Applying these principles here, the Court finds that Petitioner is not eligible for the § 2255 savings clause, because he had a reasonable opportunity raise his current legal challenge to his conviction in his direct appeal.

B. Petitioner's Current Challenge To His Conviction

Petitioner initially was tried on two separate but related charges – (1) aiding and abetting possession, with intent to distribute, of more than 50 grams of cocaine base,

---

[3] These principles have been fully explained to Petitioner in his four previous § 2241 cases, cited at p. 2, supra.

4

(hereafter "the aiding and abetting count"), and (2) conspiracy to possess with intent to distribute 50 or more grams of cocaine base, (hereafter "the conspiracy count"). At the conclusion of Petitioner's initial trial, he was acquitted on the conspiracy count, and the jury was unable to reach a verdict on the aiding and abetting count. Petitioner was later retried and found guilty on the aiding and abetting count alone. That is the conviction for which he was sentenced to twenty years in federal prison, and that is the conviction he is challenging here.

After Petitioner was convicted and sentenced on the aiding and abetting count, he filed a direct appeal. In that appeal, he argued, inter alia, that "his retrial subjected him to double jeopardy and that the Government should have been collaterally estopped from retrying him." United States v. Crawford, 81 Fed.Appx. 480, 481 (5th Cir. 2003) (unpublished opinion) [hereafter "Crawford I"]. More specifically, Petitioner contended that he could not be re-tried on the aiding and abetting charge, because the jury's verdict on the conspiracy count (in the first trial) effectively precluded the Government from proving all of the essential elements of the aiding and abetting count. Petitioner's argument was based directly on the constitutional prohibition against double jeopardy, (i.e., being tried twice for the same offense), as well as Supreme Court case law that has combined collateral estoppel (or issue preclusion) principles with the more commonplace meaning of double jeopardy. See Ashe v. Swenson, 397 U.S. 436 (1970).

The Fifth Circuit Court of Appeals rejected Petitioner's double jeopardy claim in Crawford I, explaining that:

> "First, the retrial for aiding and abetting did not subject Crawford to double jeopardy, because the retrial was necessitated by the inability of the jurors in the first trial to reach a verdict on that count.... [Citations omitted.] Second, Crawford has not shown that the retrial violated the collateral-estoppel doctrine, because the

5

<u>elements of aiding and abetting were not necessarily decided by his previous acquittal on conspiracy to possess and distribute narcotics</u>. United States v. Nelson, 599 F.2d 714, 716 (5th Cir.1979). Although Nelson noted that the Government would be estopped from presenting evidence at a second trial that indicated a conspiracy which it failed to prove at the first trial, Crawford has not appealed the introduction of any evidence at his second trial which tended to prove a conspiracy. Id."[4]

Crawford I, 81 Fed.Appx. at 481-82 (emphasis added).

---

[4] In Nelson, the Fifth Circuit Court of Appeals held that –

"[T]he double jeopardy clause does not preclude prosecution for aiding and abetting a substantive offense subsequent to an acquittal on a charge of conspiracy to commit that offense. In any subsequent prosecution, however, the collateral estoppel doctrine precludes relitigation of issues determined favorably to the defendant in the judgment of acquittal on the conspiracy charge."

Nelson, 599 F.2d at 716. The Court explained the relevant collateral estoppel (issue preclusion) principle as follows:

"As the jury was clearly instructed by the trial court, in order to convict Nelson on the conspiracy count, the Government needed to prove an agreement to distribute narcotics in which Nelson knowingly participated. To convict him in a second trial on the substantive counts as an aider and abettor, however, the Government need not prove an agreement. 'Aiding, abetting, and counseling are not terms which presuppose the existence of an agreement. Those terms have a broader application, making the defendant a principal when he consciously shares in a criminal act, regardless of the existence of a conspiracy.' Pereira v. United States, 347 U.S. 1, 11... (1954). Therefore, because the acquittal on the conspiracy count may have been premised on the Government's failure to prove the requisite element of agreement, we cannot hold that the verdict determined facts favorably to appellant which are essential to conviction on the substantive counts, which would require no proof of an agreement. Thus, we cannot hold at this stage, without knowing what evidence the Government will rely upon in a second trial, that the doctrine of collateral estoppel inevitably bars Nelson's conviction on retrial. We note, however, that in a second trial the doctrine of collateral estoppel will prohibit the Government from using evidence which, if believed, would necessarily indicate participation in the conspiracy which the Government failed to prove in the first trial."

Id. at 716-17.

Petitioner's current challenge to his conviction on the aiding and abetting count is indistinguishable from the double jeopardy and collateral estoppel challenge that was rejected by the Fifth Circuit in Crawford I. However, Petitioner believes that the Supreme Court's 2009 decision in Yeager constitutes "new law" that effectively invalidates the Fifth Circuit's decision in his direct appeal, and allows him to invoke the savings clause here. Petitioner is wrong.

In Yeager, the Supreme Court reaffirmed its previous ruling in Ashe v. Swenson, supra, i.e., "that the Double Jeopardy Clause precludes the Government from relitigating any issue that was necessarily decided by a jury's acquittal in a prior trial." Yeager, 557 U.S. at 119. The question before the Court in Yeager was whether it is permissible to consider the effect of a hung jury on one count, when determining which issues are foreclosed by an acquittal on another count. In other words: How does a jury's inability to reach a verdict on one count affect the meaning, and the preclusive effect, of an acquittal on another count? The Court answered this question in Yeager by holding that "there is no way to decipher what a hung count represents," and thus "the consideration of hung counts has no place in the issue-preclusion analysis." Id. at 121, 122. For double jeopardy and collateral estoppel purposes, "[t]o identify what a jury necessarily determined at [a first] trial, courts should scrutinize a jury's decisions, not its failures to decide." Id. at 122.

In Petitioner's case, there is nothing to suggest that the preclusive effect of his acquittal on the conspiracy count was influenced by the jury's inability to reach a verdict on the aiding and abetting count. Petitioner has offered no reason to believe that the trial court, or the Fifth Circuit Court of Appeals, considered "the hung count," (i.e., the first

7

jury's inability to reach a verdict on the aiding an abetting count), when assessing how his acquittal on the conspiracy count should affect his second trial. In short, Petitioner has not shown that the "hung count" played any role in the resolution of his double jeopardy claim. Therefore, Petitioner has not shown that Yeager invalidates the Court of Appeals' resolution of his double jeopardy claim in Crawford I.[5]

The double jeopardy and collateral estoppel (issue preclusion) principles that are discussed in Yeager, Ashe, and Crawford I, are not simple and readily understandable. They are complex and confusing. Petitioner could easily be forgiven for believing (mistakenly) that Yeager might have some relevance to his case, and the Court might find that his current habeas claims have been brought in good faith, if not for the last preceding chapter of his lengthy post-conviction record.

Petitioner's current habeas corpus petition shows that he has already raised his Yeager claims in a proceeding that he recently initiated in the Fifth Circuit Court of Appeals. (Petition, p. 4, § 13.) Petitioner asked the Fifth Circuit Court of Appeals to grant him a pre-authorization order that would allow him to raise his Yeager claims in a "second or successive" motion for post-conviction relief under 28 U.S.C. § 2255. The Fifth Circuit denied that request in an order filed on November 27, 2012, (hereafter "Crawford II"). A copy of that order is attached to this Report and Recommendation, as

---

[5] In Crawford I, the Fifth Circuit did consider how Petitioner's acquittal on the conspiracy count affected his second trial on the aiding and abetting count. The Fifth Circuit ruled that "Crawford has not shown that retrial violated the collateral-estoppel doctrine, because the elements of aiding and abetting were not necessarily decided by his previous acquittal on conspiracy to possess and distribute narcotics." Crawford I, 81 Fed.Appx. at 482. However, nothing in Crawford I suggests that the Fifth Circuit gave any consideration to "the hung count," (i.e., the non-verdict on the aiding and abetting count), as part of its evaluation of the double jeopardy implications of the acquittal on the conspiracy count. Therefore, Yeager does not undermine Crawford I.

8

Exhibit A.[6]

The Fifth Circuit's order in Crawford II is important, because it shows that Petitioner's request to file a new § 2255 motion was not denied based on any mere procedural deficiency. Instead, the Fifth Circuit flatly rejected Petitioner's Yeager claims on the merits. The Fifth Circuit specifically concluded that Yeager did not cast any doubt on the correctness of the double jeopardy ruling in Crawford I.

In light of the Fifth Court's ruling in Crawford II, this Court cannot find that Petitioner's current habeas corpus petition was brought in good faith. Petitioner's current habeas claims could not possibly be sustained here, unless the District Court for the District of Minnesota possessed the power and authority to review and overrule a previous adjudication (made less than a month ago) by the Fifth Circuit Court of Appeals. Even a layman, (especially a layman who has as much litigation experience as Petitioner), must know that a federal district court cannot overrule a federal appellate court. Because of the Fifth Circuit's recent ruling in Crawford II, this Court finds that Petitioner's current habeas corpus petition is not only meritless, it is frivolous.[7]

---

[6] The record for Petitioner's recent proceedings in the Fifth Circuit, (Appeal No. 12-51067), is available to this Court by means of the Electronic Case Filing ("ECF") procedures maintained by the federal judiciary.

[7] As an aside, the Court specifically rejects Petitioner's repeated arguments that Yeager causes him to be "actually innocent" of the aiding and abetting count on which he was convicted. At most, Yeager only affects the admissibility of certain evidence at a defendant's trial – i.e., evidence that is barred by reason of a previous acquittal on a related criminal charge. Yeager does not alter the elements of the offense for which Petitioner was convicted, and Yeager certainly does not show that Petitioner did not actually commit any of those elements. Even if Petitioner's conviction was based on evidence that should have been excluded at his second trial, (a purely hypothetical assumption), that would not mean Petitioner did not really commit the offense for which he was convicted. Putting it more simply, for post-conviction purposes, being wrongly convicted is not the same as being actually innocent. Again, nothing in Yeager suggests

9

## III. CONCLUSION

Petitioner's § 2241 habeas corpus petition challenges the validity of his 2002 federal criminal conviction and sentence in the Western District of Texas. Therefore, the claims that Petitioner is attempting to raise in his petition cannot be adjudicated on the merits in a § 2241 habeas corpus proceeding, unless the savings clause is applicable. The savings clause is not applicable here, because Petitioner's current claims for relief could have been raised on direct appeal. In fact, Petitioner's current double jeopardy claim was raised, and rejected on the merits, in Petitioner's direct appeal, (Crawford I).

Petitioner believes that the Supreme Court's decision in Yeager constitutes "new law" that should allow him to invoke the savings clause, but that notion must be rejected. Petitioner has not shown that Yeager has any relevance to the double jeopardy issues that were decided in Crawford I. Furthermore, the Fifth Circuit Court of Appeals just recently ruled that, in fact, Yeager does not have any relevance to the double jeopardy issues resolved in Crawford I. Because the savings clause is not applicable, this action must be summarily dismissed for lack of jurisdiction. See DeSimone, 805 F.2d at 323-24 (§ 2241 habeas petition challenging prior criminal conviction was properly dismissed for lack of subject matter jurisdiction, where petitioner failed to show that § 2255 motion was an inadequate or ineffective remedy); Abdullah, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition").

Having determined that this action must be summarily dismissed for lack of

---

that Petitioner might be "actually innocent" of aiding and abetting possession with intent to distribute cocaine base.

jurisdiction, the Court will further recommend that Petitioner's pending application to proceed in forma pauperis, (Docket No. 2), be summarily denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained). The Court will likewise recommend that Petitioner's "Motion For Release On Personal Recognizance," (Docket No. 3), be summarily denied, because he has not presented an actionable habeas corpus claim.

Finally, the Court notes that Chief District Court Judge Michael J. Davis has previously warned Petitioner that if he were to file another frivolous § 2241 habeas corpus petition in this District, he could lose his right of unfettered access to the courts. (Crawford v. Fisher, Civil No. 12-799 (MJD/JJG), Order dated July 13, 2012, [Docket No. 8], p. 2.[8]) This Court has now determined that, in light of the Fifth Circuit's recent ruling in Crawford II, Petitioner's current habeas corpus petition must be deemed frivolous. Therefore, based on the previous warning issued by Chief Judge Davis, the Court recommends that Petitioner should henceforth be treated as a "restricted filer" in this District, and the Clerk of Court should be directed to not file any new pro se pleading submitted by Petitioner, unless a Judge of the District Court has pre-approved the pleading for filing.

---

[8] In that order, Chief Judge Davis stated:

"The Court further agrees that Petitioner's successive petitions have become an unacceptable burden on the Court. If Petitioner files another impermissible petition, the Court will designate him as a 'restricted filer,' and he will be barred from filing future actions without pre-approval from the Court."

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. Petitioner's "Motion For Release On Personal Recognizance," (Docket No. 3), be **DENIED**;

3. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be summarily **DISMISSED** for lack of jurisdiction; and

4. The Clerk of Court be directed to not file any new pro se pleading submitted by Petitioner, unless a Judge of the District Court has pre-approved the pleading for filing.


Dated: December 18, 2012         _s/ *Jeanne J. Graham*_
                                 JEANNE J. GRAHAM
                                 United States Magistrate Judge


### NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **January 4, 2013**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.